# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FAUST LUGO,                           :          Civil No. 3:18-cv-1105
                                      :
          Plaintiff                   :          (Judge Mariani)
                                      :
     v.                               :
                                      :
JACQUELINE MATIAS., *et al.*,         :
                                      :
          Defendants                  :

## MEMORANDUM

Plaintiff Fausto Lugo ("Lugo"), a former inmate confined in the Lebanon County Prison, Lebanon, Pennsylvania, initiated this action on May 29, 2018 (Doc. 1). For the reasons set forth below, the Court will dismiss this action for failure to prosecute and failure to comply with a Court Order.

## I. Background

Lugo asserts an Eighth Amendment deliberate indifference claim based upon Defendants' alleged failure to adequately respond to Plaintiff's chest pain, which he reportedly experienced between May 1-3, 2018. (Doc. 1). On August 7, 2018 an answer was filed by Defendant Viramontes, and on July 9, 2019, Defendant Matias filed a motion for summary judgment. (Doc. 15). Lugo did not oppose the motion and has not communicated with the Court since the filing of his Financial Affidavit on June 22, 2018. (Doc. 8).

By Order dated October 11, 2019, the Court directed Plaintiff to file a brief in opposition to Defendant's pending motion for summary judgment. (Doc. 18). The Order warned Lugo that, failure to comply with this Order may result in the dismissal of this case for failure to prosecute. *Id.* (citing Federal Rule of Civil Procedure 41(b)). Lugo failed to reply

to this Court's Order.

On October 22, 2019, this Court's October 11, 2019 Order was returned, stating "return to sender, attempted - not known, unable to forward" and that Plaintiff had been released to the street. (Doc. 19).

## II. Discussion

District courts have the inherent power to dismiss an action for failure to prosecute sua sponte. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). The United States Court of Appeals for the Third Circuit has identified six (6) factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphases omitted).

Not all of the *Poulis* factors need be satisfied to dismiss a complaint. *See Shahin v. Delaware*, 345 F. App'x 815, 817 (3d Cir. 2009) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) ).

In the present matter, Lugo is *pro se* and is solely responsible for his actions. *See Colon v. Karnes*, 2012 U.S. Dist. LEXIS 14692, at *7, 2012 WL 383666 (M.D. Pa. 2012) ("Plaintiff is proceeding pro se, and thus is responsible for his own actions."). At this point, the Court has been waiting approximately sixteen months for Lugo to communicate with the Court, and can only conclude that he is personally responsible for failing to inform the Court of his whereabouts.

Second, prejudice to the adversary generally includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Adams v. Trustees of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994). Prejudice also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Lugo's continued failure to communicate with the Court and continued inaction frustrates and delays resolution of this action. This failure to communicate clearly prejudices the Defendants who seek a timely resolution of the case. *See Azubuko v. Bell National Organization*, 243 F. App'x 728, 729 (3d Cir. 2007) (stating that plaintiff's failure to file an amended complaint prejudices defendants and compels dismissal).

Third, Lugo has established a history of dilatoriness through his failure to notify the Court of his whereabouts and failure to comply with Court Order and rules. As is clear from the procedural background of this case, Lugo has not communicated with the Court since June 22, 2018. (Doc. 8). On October 15, 2019, the Court Ordered Lugo to respond to Defendant's pending motion for summary judgment, and warned him that this case was subject to dismissal for failure to prosecute. (Doc. 18). The Order warned Lugo that, "[f]ailure to comply with this Order may result in the dismissal of this case for failure to prosecute." (Id.) (citing Federal Rule of Civil Procedure 41 (b) ). Lugo failed to comply with the Order and the time for complying has now passed. The Court finds that over the past sixteen months, Lugo has delayed this matter to the extent that his conduct constitutes a "continuous stream of dilatory conduct." *Briscoe v. Klem*, 538 F.3d 252, 261 (3d Cir. 2008).

A *pro se* plaintiff has the affirmative obligation to keep the Court informed of his address. (*See* M.D. Pa. Local Rule of Court 83.18 (providing that a *pro se* plaintiff "shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served upon such party."); *see also* Standing Practice Order in Pro Se Plaintiff Cases). Should such address change in the course of this litigation, the plaintiff shall immediately inform the Court of such change, in writing. *Id*. If the Court is unable to communicate with the plaintiff because he has failed to notify the Court of his address, the plaintiff will be deemed to have abandoned the lawsuit. *Id*. It is clear that Lugo has failed to comply with the terms set forth in Middle District of Pennsylvania Local Rule 83.18 and the Standing Practice Order.

Regarding the next factor, "[w]illfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 874. It appears that at least some of this dilatory behavior was performed willfully and in bad faith, as Lugo has offered no explanation for his failure to provide the Court with his current address, and has been less than diligent in pursuing this matter. *Gagliardi v. Courier*, 144 F. App'x 267, 268 (3d Cir. 2005) (holding that the district court did not abuse its discretion by dismissing plaintiffs complaint for failure to prosecute, where plaintiff failed to respond to defendants' motion to dismiss for more than three months and this failure to comply prejudiced defendants).

Fifth, a district court must consider the availability of sanctions alternative to dismissal. *Poulis*, 747 F.2d at 869. Given Lugo's indigence, alternative, monetary, sanctions would not be effective. *See Dennis v. Feeney*, 2012 U.S. Dist. LEXIS 7328, at 5, 2012 WL 194169 (M.D. Pa. 2012) (finding, "monetary sanctions are unlikely to be efficacious given

that Plaintiff is indigent"). Moreover, the Court is incapable of imposing a lesser sanction without knowledge of Lugo's whereabouts.

The final *Poulis* factor is meritoriousness of the claim. A claim will be deemed meritorious when the allegations of the complaint, if established at trial, would support recovery. *Poulis*, 747 F.2d at 870. The standard for a Rule 12(b)(6) motion to dismiss is utilized in determining whether a claim is meritorious. *Poulis*, 747 F.2d at 869-70. The Court finds that consideration of this factor cannot save Lugo's claims, since he is now wholly non-compliant with his obligations as a litigant. Thus, the weight of this factor is lessened and, following a full analysis of the factors, the majority of the six factors weigh in favor of Defendants.

## III. Conclusion

Lugo's last communication with the Court was on June 22, 2018. (Doc. 8). It is clear that Lugo has been released from custody. (*See* Doc. 19). Lugo's prolonged failure to notify the Court of his whereabouts has forced the Court to consider whether to dismiss the instant action for failure to prosecute. After consideration of the *Poulis* factors, it is clear that the factors militate in favor of dismissal of Lugo's claims.

A separate Order shall issue.

Robert D. Mariani
United States District Judge

5